IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **ROBERT FLEDDERMAN,** Individually and on behalf of all others similarly situated | § § § § | |
| *Plaintiff,* | § § | Civil Action No. _____ |
| v. | § § | |
| **CINEMARK USA, INC.** | § § | **JURY TRIAL DEMANDED** |
| *Defendant.* | § § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Robert Fledderman brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Cinemark USA, Inc. ("Cinemark") and were paid an hourly rate but no overtime compensation for all hours worked over forty in a workweek, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

### I.
### OVERVIEW

1.1   This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2   Plaintiff and the Putative Class Members are those similarly situated persons who worked for Cinemark within the last three years and were paid hourly but were not paid overtime for all hours worked over forty (40) in a workweek.

1.3   Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

1.4     Plaintiff and the Putative Class Members were not paid overtime for all hours worked over forty (40) hours per workweek.

1.5     The decision by Cinemark not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

1.6     Cinemark knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime for all hours worked over forty (40) hours per workweek.

1.7     Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1]

1.8     Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.9     Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff Robert Fledderman ("Fledderman") worked for Cinemark within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Fledderman did not receive overtime for all hours worked in excess of forty (40) hours per workweek.[2]

2.2     The Putative Class Members are those current and former employees who worked for Cinemark in the past three years and have been subjected to the same illegal pay system under which Plaintiff Fledderman worked and was paid.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

[2] The written consent of Robert Fledderman is attached hereto as Exhibit "A."

2.3     Cinemark USA, Inc. ("Cinemark") is a Texas corporation with its principal office in Dallas, Texas, and may be served through its registered agent for service of process: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.**

## III.
## JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2     This Court has personal jurisdiction over Cinemark because the cause of action arose within this District as a result of Cinemark's conduct within this District and Division.

3.3     Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4     Specifically, Cinemark has maintained a working presence throughout this District and Division, and Plaintiff Fledderman worked at Cinemark's location in Corpus Christi, Nueces County, Texas.

3.5     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, Cinemark has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.2     At all times hereinafter mentioned, Cinemark has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and

have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.3     During the respective periods of Plaintiff and the Putative Class Members' employment by Cinemark, these individuals provided services for Cinemark that involved interstate commerce.

4.4     In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.5     At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

## V.
## FACTS

5.1     Cinemark USA, Inc. is movie theatre chain owned by Cinemark Holdings, Inc. and operates throughout the United States.

5.2     Cinemark operates theaters under several brands, including its flagship Cinemark, Century Theatres, Tinseltown USA, CinéArts, and Rave Cinemas.

5.3     Plaintiff Fledderman worked for Cinemark at the Century 16 theater in Corpus Christi, Texas as an Assistant Manager during the relevant three-year period.

5.4     Plaintiff Fledderman and the Putative Class Members were all paid an hourly rate, but they did not receive overtime at time and a half their regular rate for all hours worked in excess of forty (40) in a workweek.

5.5     Plaintiff and the Putative Class Members' primary job duties included cleaning the facilities and other janitorial duties, concession stand stales, ticket sales, and providing customer service to Cinemark's customers.

5.6     Plaintiff and the Putative Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Cinemark.

5.7     Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Cinemark.

5.8     Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual in nature, requiring little to no official training, much less a college education or other advanced degree.

5.9     Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

5.10    The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

5.11    Cinemark denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

5.12    Cinemark applied this pay practice despite clear and controlling law that states that the duties performed by Plaintiff and the Putative Class Members consisted of non-exempt work.

5.13    Accordingly, Cinemark's pay policies and practices blatantly violated (and continue to violate) the FLSA.

# VI.
# CAUSES OF ACTION

## A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

6.1     Cinemark violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2     Moreover, Cinemark knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and the Putative Class Members overtime compensation for all hours worked over forty (40) each workweek. 29 U.S.C. § 255(a).

6.3     Cinemark knew or should have known their pay practices were in violation of the FLSA.

6.4      Cinemark is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

6.5     Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated and unskilled workers who trusted Cinemark to pay according to the law.

6.6     The decision and practice by Cinemark to not pay the proper amount of overtime was neither reasonable nor in good faith.

6.7     Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

B. **COLLECTIVE ACTION ALLEGATIONS**

6.8 Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff Fledderman.

6.9 Other similarly situated employees have been victimized by Cinemark's patterns, practices, and policies, which are in willful violation of the FLSA.

6.10 The Putative Class Members are "all hourly employees who worked for Cinemark USA, Inc., at any time in the last three years, and did not receive overtime for all hours worked over forty in a workweek."

6.11 Cinemark's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

6.12 Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

6.13 The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.14 All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15 Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, Plaintiff and the Putative Class Members are blue-collar delivery drivers entitled to overtime after forty (40) hours in a week.

6.16 Cinemark employed a substantial number of workers during the past three years. Upon information and belief, these workers are geographically dispersed, residing and working in states across the country.

6.17    Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Cinemark will retain the proceeds of its rampant violations.

6.18    Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

6.19    Accordingly, the class of similarly situated Plaintiff should be defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR CINEMARK USA, INC., AT ANY TIME IN THE LAST THREE YEARS, AND DID NOT RECEIVE OVERTIME FOR ALL HOURS WORKED OVER FORTY IN ANY WORKWEEK.**

## VII.
## RELIEF SOUGHT

7.1    Plaintiff respectfully prays for judgment against Cinemark as follows:

a.    For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Cinemark to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.    For an Order approving the form and content of a notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.    For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d.    For an Order pursuant to Section 16(b) of the FLSA finding Cinemark liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

   e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

   f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

   g. For an Order awarding Plaintiff a service award as permitted by law;

   h. For an Order compelling the accounting of the books and records of Cinemark; and

   i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: December 18, 2017   Respectfully submitted,

       **ANDERSON2X, PLLC**

    By: /s/ *Clif Alexander*
      **Clif Alexander**
      Federal I.D. No. 1138436
      Texas Bar No. 24064805
      clif@a2xlaw.com
      **Austin W. Anderson**
      Federal I.D. No. 777114
      Texas Bar No. 24045189
      austin@a2xlaw.com
      **Lauren E. Braddy**
      Federal I.D. No. 1122168
      Texas Bar No. 24071993
      lauren@a2xlaw.com
      **Carter T. Hastings**
      Federal I.D. No. 3101064
      Texas Bar No. 24101879
      carter@a2xlaw.com
      819 N. Upper Broadway
      Corpus Christi, Texas 78401
      Telephone: (361) 452-1279
      Facsimile: (361) 452-1284

      ***Attorneys in Charge for Plaintiff and the Putative Class Members***